IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ashley S. June, aka Ashley Shareka June, | Case No.: 4:25-cv-0476-JD-TER |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Megan Graham, John Manes, Pinnacle Storage Properties, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 17), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Ashley S. June, aka Ashley Shareka June's ("Plaintiff" or "June") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background. June, proceeding *pro se* and *in forma pauperis*, sued Defendants Megan Graham (district manager), John Manes (owner), and Pinnacle Storage Properties (collectively "Defendants"), alleging workplace discrimination by

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

termination of employment and "slander, defamation, [and] emotional distress." (DE 1-2 at 4.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on February 12, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without prejudice and without issuance and service of process because "Plaintiff has failed to comply with Fed. R. Civ. Proc. 8.[,]" which requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (DE 17 at 3.) Further, the "Complaint in this case fails to state a plausible claim against any named Defendant because it is conclusory and lacks necessary factual details." (*Id.*)

Plaintiff was ordered to complete an employment discrimination complaint form. (DE 1, 7.) Plaintiff did so, but some of the form was left blank or couched in conclusory terms. (DE 1-2.) For instance, June did not check any Title VII, ADEA, or ADA box. (DE 1-2 at 3.) Instead, Plaintiff checked "other federal law (specify the federal law):" and did not provide more information. (DE 1-2 at 4). Despite not indicating Title VII, Plaintiff then stated the discriminatory conduct was termination of employment and "slander, defamation, emotional distress." (DE 1-2 at 4.) As to the basis of discrimination, Plaintiff indicated "color", but did not complete the question

about which protected class Plaintiff was a member. (DE 1-2 at 5). June stated she filed an Equal Employment Opportunity Commission (EEOC) charge but that no Notice of Right to Sue letter had been issued by the EEOC. (DE 1-2 at 5.) On February 21, 2025, Plaintiff objected to the Report. (DE 19.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

June raises a non-specific objection to the Report, generally asking that she be given a chance to present her case at a hearing.[2] She also states:

---

[2] June also requested that the Court allow her "the opportunity to present [her] case before [the Court]." (DE 1.) To the extent the request may be construed as a motion, the Court terminates it as moot, since Plaintiff may refile this action.

> I may not be able to articulate my claims with the precision of a legal expert, but I know the truth. I know I was slandered and defamed, and I can prove it - given the opportunity. Dismissing my case isn't just about this instance; it sets a dangerous precedent, giving this company and others license to operate with impunity, to crush individuals who lack the resources to fight back.

(DE 19 at 1.) However, June's objection fails to address the shortcomings set forth in the Report for an EEOC claim to move forward. Plaintiff acknowledges that the EEOC has not issued a Notice of Right to Sue letter. (DE 1-2 at 5.) Before proceeding to federal court, a plaintiff must exhaust the EEOC administrative process and must obtain a right-to-sue letter from the EEOC. *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137-138 (4th Cir.1995); *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990). Since June has not done so here, her objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 17) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina
April 15, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.